UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBECCA NEWTON,

    Plaintiff,

v.

CASE NO.

BANKCARD SERVICES d/b/a
MERRICK BANK CORP.,

    Defendant.

_____/

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, REBECCA NEWTON ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, BANKCARD SERVICES d/b/a MERRICK BANK CORP. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331.

3. Because Defendant conducts business in the State of Florida personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Lutz, Hillsborough County, Florida.

6. Defendant is a business entity with its principal place of business in Torrance, California.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant places collection calls to Plaintiff seeking and attempting to collect an alleged debt owed by her ex-husband.

9. Upon information and belief, Plaintiff does not owe the debt Defendant is attempting to collect.

10. Defendant places collection calls to Plaintiff's cellular telephone at phone number (813) 965-65XX.

11. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 866-450-6882.

12. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

13. Plaintiff never provided Defendant with any of her contact information, including her cellular telephone number.

14. Plaintiff never consented, explicitly or implicitly, to receive automated collection calls from Defendant.

15. Defendant placed at least two hundred and twenty-four (224) automated calls to Plaintiff without consent to do so, including but not limited to the following:

   - March 18, 2014: three (3) calls;

- March 19, 2014: five (5) calls;
- March 20, 2014: five (5) calls;
- March 21, 2014: three (3) calls;
- April 2, 2014: two (2) calls;
- April 3, 2014: four (4) calls;
- April 4, 2014: three (3) calls;
- April 5, 2014: one (1) call;
- April 7, 2014: four (4) calls;
- April 9, 2014: five (5) calls;
- April 10, 2014: five (5) calls;
- April 11, 2014: one (1) call
- May 20, 2014: five (5) calls;
- May 21, 2014: five (5) calls;
- May 23, 2014: three (3) calls;
- May 26, 2014: two (2) calls;
- May 27, 2014: five (5) calls;
- May 28, 2014: five (5) calls;
- May 29, 2014: five (5) calls;
- May 30, 2014: five (5) calls;
- June 2, 2014: four (4) calls;
- June 6, 2014: four (4) calls;
- June 9, 2014: two (2) calls;
- June 10, 2014: three (3) calls;

- June 11, 2014: four (4) calls;
- June 12, 2014: five (5) calls;
- June 13, 2014: one (1) call;
- June 16, 2014: five (5) calls;
- June 17, 2014: five (5) calls;
- June 18, 2014: three (3) calls;
- June 19, 2014: three (3) calls;
- June 20, 2014: four (4) calls;
- June 23, 2014: one (1) call;
- June 24, 2014: five (5) calls;
- June 26, 2014: four (4) calls;
- June 27, 2014: three (3) calls;
- June 30, 2014: four (4) calls;
- July 1, 2014: two (2) calls;
- July 2, 2014: five (5) calls;
- July 3, 2014: three (3) calls;
- July 4, 2014: one (1) call;
- July 7, 2014: one (1) call;
- July 8, 2014: five (5) calls;
- July 9, 2014: six (6) calls;
- July 10, 2014: five (5) calls;
- July 11, 2014: four (4) calls;
- July 15, 2014: two(2) calls;

- July 17, 2014: four (4) calls;
- July 18, 2014: four (4) calls;
- July 19, 2014: three (3) calls;
- July 21, 2014: three (3) calls;
- July 22, 2014: five (5) calls;
- July 24, 2014: three(3) calls;
- July 25, 2014: five (5) calls;
- July 26, 2014: two (2) calls;
- July 28, 2014: five (5) calls;
- July 31, 2014: four (4) calls;
- August 1, 2014: five (5) calls;
- August 4, 2014: four (4) calls;
- August 5, 2014: four (4) calls;
- August 7, 2014: five (5) calls;
- August 11, 2014: five (5) calls;
- August 12, 2014: five (5) calls;
- August 13, 2014: five (5) calls;
- August 14, 2014: two (2) calls;
- August 15, 2014: three (3) calls
- August 18, 2014: three (3) calls;
- August 19, 2014: four (4) calls
- August 21, 2014: five (5) calls;
- August 22, 2014: four (4) calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

16. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

17. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

19. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

20. All court costs, witness fees and other fees incurred; and

21. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax: (866) 861-1390
Attorney for Plaintiff
FBN: 0882461

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)
COUNTY OF HILLSBOROUGH)

Plaintiff, REBECCA NEWTON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, REBECCA NEWTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/19/14

_Rebecca Newton_
REBECCA NEWTON
Plaintiff

VERIFIED COMPLAINT